UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAYSTAR DEVELOPMENT LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>T & K WEATHERS LIMITED PARTNERSHIP, UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　Defendants. | CASE NO. C23-5389 BHS<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Daystar Development LLC's motion for summary judgment, Dkt. 22, and on Defendant United States of America's (the Government) cross-motion for summary judgment, Dkt. 34. The Government's pending motion to amend its answer, Dkt. 47, will be resolved in a separate order.

The case is related to an ongoing income tax lien foreclosure case in this District, *United States v. Thomas and Kathy Weathers, et al.*, Cause No. 18-cv-5189 BHS. In that case, the United States sued the Weathers and several of their entities, asserting that IRS tax liens attached to nine total properties owned by the entities, seeking to reduce their liens to judgment, and to foreclose on the properties to satisfy the liens. One of the

ORDER - 1

1 Weathers' entities is T & K Weathers Limited Partnership. Before the IRS lien, T & K

2 had borrowed $160,000 from Wapiti Ventures, a defendant in *Weathers*. The loan was

3 evidenced by a Promissory Note and secured by Deeds of Trust on five properties. The

4 Government sought to (and did) establish that T & K was the Weathers' alter ego or

5 nominee, and that its lien against the Weathers attached to T & K's real property, subject

6 to Wapiti's superior interest.

7     T & K's attorney in *Weathers* was and is Charles Markley, who is also Daystar's

8 attorney in this case. Indeed, in *Weathers*, Markley filed on behalf of T & K *and* Daystar

9 (and other defendants in that case) a "notice of substitution of party" informing the Court

10 and the Government that Wapiti's property interests had been transferred to Daystar, and

11 substituting Daystar for Wapiti in that case. *Weathers* at Dkt. 236.

12     In this case, Plaintiff Daystar Investments asserts that Defendant T & K Weathers

13 Limited Partnership has failed to pay under the Note. It seeks a money judgment against

14 T & K, and seeks to foreclose the Deeds of Trust. Dkt. 1-2 at 4. The Government

15 removed the case here. Dkt. 1, and unsuccessfully sought to consolidate this case with

16 *Weathers*, Dkts. 246 and 248.[1] T & K has not appeared or defended in this case. The

17 Court denied Daystar's motion for default, Dkt. 19, because Daystar had not established

---

[1] The Court denied consolidation because an unrelated *Weathers* defendant, the Bennett Trust, persuasively objected that doing so would unreasonably prolong the Trust's ability to collect its debt. The Trust owns a seller's interest in a real estate contract on property known in *Weathers* as Property 6. The Government has a tax lien on the buyer's interest in Property 6. That property, and the lien priority dispute between the Trust and the Government in that case, are not related to the property at issue here.

ORDER - 2

who exactly it served, and because Markley's (and David Tacke's) presence on both sides of the case raise questions about the relationship between the parties. Dkt. 39.

Daystar now seeks summary judgment on its claims against T & K. Dkts. 22, 28 (corrected). It argues this Court already determined that its lien (Wapiti's deed of trust) is superior to the Government's tax lien, and argues that the Government's Answer failed to raise a genuine issue of material fact. Dkt. 28 at 5.

The Government opposes the motion, and seeks summary judgment in its favor. It argues that the note is not enforceable under Washington law because its interest rate, 17 percent, is usurious. It also argues that it needs discovery to determine whether Daystar is, as it suspects, another Weathers alter ego or nominee, or a fraudulent transferee. Daystar's registered agent is David Tacke,[2] who was Thomas Weathers's cell mate in prison and played a role in the *Weathers* litigation. The Government points out that Attorney Markley represents Daystar in this litigation against T & K, and continues to represent T & K in *Weathers*. It seeks an opportunity to conduct discovery into Daystar's ownership and its purchase of Wapiti's Note under Rule 54(d). The Government does not directly address the fact that Markley appears to have a conflict of interest, but he does. Indeed, it appears that the only way he might not have a conflict is if there is some sort of collusion between Daystar and T & K.

The issues are addressed in turn.

---

[2] Tacke testifies that he is a 15 percent member of Daystar, and that the Weathers have never owned any interest in *his* Daystar membership. Dkt. 42. This does not foreclose the possibility that the Weathers are involved in Daystar's remaining 85 percent.

**A.    Daystar's motion for summary judgment is denied without prejudice.**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, courts must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying

on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, courts may defer considering the motion, deny the motion, or allow time to obtain affidavits or declarations or to take discovery. Fed. R. Civ. P. 56(d). The nonmovant must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). When confronted with a Rule 56(d) motion, courts may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The Court agrees that Daystar's motion is premature, and that the Government is entitled to conduct discovery into Daystar and how it obtained the note it seeks to enforce against T & K. Daystar's summary judgment motion, Dkt. 22, is **DENIED without prejudice**. The Government's Rule 56(d) motion, Dkt. 34, is **GRANTED**, so that the Government may conduct the discovery it has described.

The Government's cross-motion for summary judgment asserts that the Note is unenforceable as a matter of law, because it has a usurious interest rate. The Note includes a statement that the loan was for a business purpose, and Daystar contends that that is true, and argues that it is not subject to the usury statute. It also contends that

Oregon law applies. Dkt. 41 at 4. The purpose of the loan is a question of fact. The cross-motion is **DENIED**. This too is a proper area for discovery.

**B.     Attorney Markley shall show cause why he should not be disqualified for a conflict of interest.**

Markley currently represents Plaintiff Daystar in this case, and both Daystar and the defendant in this case, T & K Weathers Limited Partnership, in *Weathers*, a closely-related case involving the same property and debt. This suggests either that there is a collusive relationship between Daystar and T & K, or that Markley has a conflict of interest. Daystar contends that the parties do not have overlapping ownership. None of Daystar's filings address Markley's apparent conflict of interest. Markley shall **SHOW CAUSE** why he should not be disqualified from representing Daystar in this case. *See* Washington Rule of Professional Conduct 1.7, particularly Rule 1.7(b)(3). He should do so in writing **within 21 days** of this order.

**IT IS SO ORDERED**.

Dated this 2nd day of January, 2024.

_____
BENJAMIN H. SETTLE
United States District Judge